IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey J. Thomas,<br><br>    Petitioner,<br><br>v.<br><br>B. Hudson,<br><br>    Respondent. | No. CV-24-00451-TUC-JCH (LCK)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Corey J. Thomas, incarcerated at the Federal Correctional Institution in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. LRCiv 72.2(a)(2). Before this Court are the Petition (Doc. 1), Respondent's Answer (Doc. 18), and Petitioner's Answer to Respondent's Brief (Doc. 22). Petitioner argues that he is eligible for First Step Act ("FSA") time credits for the portion of his sentence based on two robbery-related convictions. Respondent contends Petitioner is not eligible for FSA credits because he is serving an aggregate sentence for three convictions and his § 924(c) firearms conviction bars eligibility for FSA time credits. The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is currently serving a 324-month sentence for Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 371,

Armed Bank Robbery in violation 18 U.S.C. § 2113(a) and (d), and Use of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 18, Ex. A, Attach. 7.) Petitioner was sentenced to 60 months and 240 months to be run concurrently for the § 2113(a) and (d) and 18 U.S.C. § 371 convictions, with a consecutive sentence of 84 months for the § 924(c) conviction. (*Id.*) The Bureau of Prisons ("BOP") has combined these terms into a single, aggregate term of imprisonment. (Doc. 18, Ex. A ¶ 21.)

The FSA was enacted with the intent of addressing recidivism and reentry of incarcerated individuals. BOP is directed to assign inmates to participate in recidivism reduction programs that address their specific needs. 18 U.S.C. § 3632(b)(1). To encourage participation in these programs, the FSA establishes incentives, most notably the ability for inmates to earn "time credits" which can be applied either to prerelease custody or supervised release. 18 U.S.C § 3632(d)(4)(A)-(C). Prisoners are ineligible to receive time credits if they are serving a sentence for a conviction listed in 18 U.S.C. § 3632(d)(4)(D). This includes crimes "relating to unlawful possession of use of a firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), 18 U.S.C. § 3632(d)(4)(D)(xxii), but not sentences under 18 U.S.C. § 2113(a) and (d) or 18 U.S.C. § 371. Here, BOP has determined that Petitioner is ineligible to earn FSA time credits toward his term of imprisonment because of his § 924(c) sentence. (Doc. 18, Ex. A ¶ 23.)

### **EXHAUSTION**

Respondent asserts that Petitioner failed to exhaust his administrative remedies prior to filing the Petition. (Doc. 18 at 5-8.) Petitioner acknowledges that he did not exhaust his remedies, but he argues that exhaustion would have been futile because he is challenging the interpretation of a federal statute. (Doc. 1 at 4.) Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The administrative exhaustion requirement protects an administrative agency's authority by

promoting respect for the agency's procedures and by affording it the opportunity to correct its own mistakes before being hailed into court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The requirement also promotes efficiency by advocating a process that is quicker and more economical than resolution in federal court. *Id.* Finally, should the matter ultimately reach the court, the exhaustion requirement facilitates the "preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, exhaustion of administrative remedies is not a jurisdictional requirement of a § 2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The Court can waive the exhaustion requirement if exhausting administrative remedies would be futile, inadequate, void, or would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Petitioner argues that exhaustion is futile because his claim is challenging the interpretation of a federal statute, and there is no administrative relief available for that claim. Futility concerning relief is not necessarily a means to bypass the administrative exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). However, there is case law suggesting otherwise. See *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("Booth made quite clear that the statutory language does not require exhaustion when no pertinent relief can be obtained through the internal process."). Regardless of how a futility analysis would come out, the Court is not going to address exhaustion further because the Court finds it most expeditious to resolve Petitioner's claim on the merits.

## **MERITS**

Petitioner argues that he is eligible to receive FSA time credits, pursuant to BOP Program Statement ("PS") 5880.28, because he has completed the portion of his sentence related to his 18 U.S.C. § 924(c) conviction. (Doc. 1 at 4.) He contends that BOP overreached its discretion by aggregating his sentences for purposes of FSA time credit eligibility. (*Id.*) Respondent argues that Petitioner is not eligible because consecutive terms of imprisonment must be treated as a single, aggregate term of imprisonment for FSA time

credit eligibility purposes, and Petitioner's § 924(c) sentence bars him from receiving credits for any portion of his sentence. (Doc. 18 at 8-14.)

The Court finds that Petitioner's sentence must be treated as a single, aggregate term of imprisonment and that his sentence under § 924(c) renders him ineligible to receive FSA time credits. The FSA precludes prisoners from receiving time credits if they are serving a sentence for a crime listed in 18 U.S.C. § 3632(d)(4)(D). This includes Petitioner's sentence for Use of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c). Additionally, federal law mandates that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). The phrase "administrative purposes" has been interpreted by the Ninth Circuit to apply to "all administrative determinations made by BOP." *Moreno v. Ives*, 842 Fed. Appx. 18, 20-22 (9th Cir. 2020). This includes BOP administration of FSA time credits. *Giovinco v. Pullen*, 118 F.4th 527, 531-33 (2nd Cir. 2024) (highlighting that this conclusion aligns with all other circuit courts that have addressed whether "administrative purposes" include the administration of FSA time credits). The *Giovinco* court also noted that the language in 18 U.S.C. § 3632(d)(4)(D) aligns with this interpretation, explaining that the phrase "is serving a sentence for" can reasonably be understood to mean an aggregate term of imprisonment. *Id.*

Petitioner contends that BOP PS 5880.28 mandates § 924(c) sentences be served first and, therefore, argues he has completed the disqualifying sentence. Petitioner's argument is based on an old version of PS 5880.28. In 1999, BOP revised its policy to align with *United States v. Gonzales*, 520 U.S. 1 (1997) by removing that mandate. *See* BOP PS 5880.28, Sentence Computation Manual at 1-37a (revised Sept. 20, 1999), available at https://www.bop.gov/policy/progstat/5880_028.pdf (last visited July 31, 2025). In *Gonzales*, the Court held that mandating § 924(c) sentences be served first conflicted with 18 U.S.C. § 3584(c), which directs BOP to aggregate multiple terms of imprisonment for administrative purposes. 520 U.S. at 8. Accordingly, BOP PS 5880.28 now "mirrors the

language" of 18 U.S.C. § 3584(c). *Capito v. Dulgov*, No. CV-22-0374-TUC-RCC, 2023 U.S. Dist. LEXIS 194999, at *9-10 (D. Ariz. Oct. 12, 2023), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 193859 (D. Ariz. Oct. 30, 2025).

This Court has consistently held that when multiple terms of imprisonment are aggregated into a single term, a disqualifying sentence within that term makes a prisoner ineligible for FSA time credits. *See Id.* at *11 ("Congress's use of the word 'shall' unequivocally directs BOP to treat multiple, consecutive, terms of imprisonment 'as a single aggregate term.'"); *Rogers v. Hudson*, No. CV-24-00409-TUC-JCH, 2025 U.S. Dist. LEXIS 26017, at *13 (D. Ariz. Feb. 13, 2025) (holding that because petitioner's consecutive sentence included a term of imprisonment under § 924(c), he was ineligible to earn FSA time credits), *report and recommendation adopted by* 2025 U.S. Dist. LEXIS 77054 (D. Ariz. Apr. 23, 2025); *Wall v. Hudson*, No. CV-24-00436-TUC-RCC, 2025 U.S. Dist. LEXIS 23156, at *2-5 (D. Ariz. Feb. 10, 2025) (collecting cases).

Here, Petitioner is serving a sentence for Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 371, Armed Bank Robbery in violation 18 U.S.C. § 2113(a) and (d), and Use of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 18, Ex. A, Attach. 7.) Although the § 924(c) sentence was imposed to run consecutively to the other sentences, it has been properly treated in the aggregate for the purposes of FSA time credit eligibility. Because that aggregate term includes a sentence under § 924(c), Petitioner is ineligible to earn FSA time credits during any portion of his sentence. 18 U.S.C. § 3632(d)(4)(D)(xxii). For this reason, Petitioner's claim is without merit.

## **RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition because the claim is without merit.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and

Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-24-00451-TUC-JCH**.

Dated this 5th day of August, 2025.

Honorable Lynnette C. Kimmins
United States Magistrate Judge